# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| DAMON GRIFFIN, on behalf of his minor child, R.G., | |
| Plaintiff, | |
| vs. | CASE NO. 18-cv-973 |
| OFFICER JAMES O'BANNER, in his official and individual capacities; | |
| CHIEF GEORGE PFOTENHAUER, in his official and individual capacities; | |
| PRAIRIE STATE COLLEGE POLICE DEPARTMENT; | **COMPLAINT AND JURY DEMAND** |
| PRAIRIE STATE COLLEGE; | |
| GREG WRIGHT, in his official and individual capacities; | |
| LOUISE COLEMAN, in her official and individual capacities; and | |
| RICH TOWNSHIP HIGH SCHOOL DISTRICT 227, | |
| Defendants. | |

## COMPLAINT

Now comes the Plaintiff, DAMON GRIFFIN, on behalf of his minor daughter, R.G., by and through his counsel, Aasim Cunningham, and respectfully states the following:

## JURISDICTION

1. This action is brought pursuant to 42 U.S.C. §1983 and the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

1

2. Plaintiff sues for violation of civil rights pursuant to 42 U.S.C. §1983. The jurisdiction of this Court is predicated on 28 U.S.C. §1343 and 1331.

3. The acts and omissions giving rise to the Plaintiff's claims occurred in Rich Township, Cook County, Illinois and therefore the appropriate venue for this action is the United States District Court for the Northern District of Illinois, Eastern Division.

## PARTIES

4. Plaintiff DAMON GRIFFIN (hereinafter referred to Plaintiff Griffin") is and was at all times relevant domiciled in the city of Matteson, Illinois. DAMON GRIFFIN is the natural and legal parent of minor Plaintiff R.G. (hereinafter referred to as "Plaintiff R.G.").

5. At all times relevant, Plaintiff R.G. was a student enrolled at Rich Central High School in Olympia Fields, Illinois.

6. Defendant PRAIRIE STATE COLLEGE POLICE DEPARTMENT (hereinafter referred to as "Prairie State P.D.") is a law enforcement agency duly authorized and operating under the laws of Illinois, empowered by Defendant PRAIRIE STATE COLLEGE (hereinafter referred to as "Prairie State College" or Prairie State"), located in Chicago Heights, Illinois. At all times relevant, Prairie State P.D. was the employer, master, and principal of the Defendants OFFICER JAMES O'BANNER and CHIEF GEORGE PFOTENHAUER and it has a duty to abide by the laws of the State of Illinois and the Constitution of the United States.

7. Defendant OFFICER JAMES O'BANNER (hereinafter referred to as "Defendant O'Banner"), is and was, at all times relevant, acting within the scope of his employment and pursuant to his authority as police personnel with Prairie State P.D. and acting under the color of state law. He is sued in his individual and official capacities.

8. Defendant CHIEF GEORGE PFOTENHAUER (hereinafter referred to as "Defendant Pfotenhauer") is and was at all times relevant hereto, the appointed Chief of the Prairie State College P.D. At all times relevant, he was acting in such capacity as the agent, servant, and employee of the Prairie State P.D. He is sued individually and in his official capacity.

9. Defendant RICH TOWNSHIP HIGH SCHOOL DISTRICT 227 (hereinafter referred to as "District 227" or "the District") is a governmental organization with the power to sue and be sued. At all times relevant, it was the employer, master, and principal of the Defendants GREG WRIGHT and LOUISE COLEMAN.

10. Defendant GREG WRIGHT (hereinafter referred to as "Defendant Thomas") was at all times relevant thereto, the acting interim superintendent of Defendant Rich Township High School District 227. He was responsible for, among other things, implementing and enforcing the school district's rules, regulations, and policies. He is sued individually and in his official capacity.

11. Defendant LOUISE COLEMAN (hereinafter referred to as "Defendant Coleman") was at all times relevant thereto, the acting interim superintendent of Defendant Rich Township High School District 227. She was responsible for, among other things, implementing and enforcing the school district's rules, regulations, and policies. She is sued individually and in her official capacity.

12. At all relevant times, Defendants were acting and continue to act under color of law.

**FACTS**

13. District 227 includes three high schools collectively serving over 4,000 students.

14. At all times relevant, the District utilized a Police Liaison Program, authorized by the District and its superintendent(s).

3

15. Through the Police Liaison Program, law enforcement officers from local police departments are assigned to schools within the district to, among other things, protect the security, health, and welfare of District 227's students.

16. According to its policies and regulations, District 227's Board of Education (hereinafter referred to as "the BOE") prohibits corporal punishment by any school authority, except that corporal punishment does not include reasonable force as needed to maintain safety for students, staff, or other persons, or for the purpose of self-defense or defense of property.

17. A Police Liaison Program officer is a "school authority" as defined in the BOE's policies and regulations.

18. On or about March 24, 2017, Plaintiff R.G. was enrolled as a freshmen and Rich Central High School (hereinafter referred to as "Rich Central or "Rich Central High") in Olympia Fields, Illinois.

19. Rich Central is part of Rich Township High School District 227.

20. On or about March 24, 2017, Plaintiff R.G. was involved in an incident with another student at school.

21. Plaintiff R.G.'s teacher called for school security to assist in the classroom.

22. On this date, Defendant O'Banner, a Prairie State P.D. officer, was the Police Liaison Program officer assigned to Rich Central High.

23. Defendant O'Banner responded to the incident involving Plaintiff R.G. and other students.

24. At the time, Plaintiff R.G. was a 14 year-old female, around 105 pounds, and 5'2" tall.

25. Instead of attempting to deescalate the situation, Defendant O'Banner, a full grown adult male, forcefully and without cause grabbed Plaintiff R.G., charged into her, and thrust her into the walled radiator unit located approximately twenty (20) feet behind her, causing her spine to collide with the unit in the process.

26. Defendant O'Banner then slammed her to the ground and proceeded to place all of his body weight on top of her.

27. Defendant O'Banner thereafter forced Plaintiff R.G. to her feet and placed her in a detention hold.

28. Defendant O'Banner's actions were unnecessary to maintain safety within the classroom, as Plaintiff R.G. did not resist Defendant O'Banner.

29. The following day, Plaintiff Griffin and his wife met with Rich Central school administrators to discuss the incident.

30. During the meeting, Plaintiff Griffin and his wife were assured by school personnel that Plaintiff R.G. was not in any grabbed or taken to the ground by Officer O'Banner.

31. Cell phone video footage taken by a student in the classroom when the events occurred clearly depicts Officer O'Banner ramming into Plaintiff R.G. and slamming her into the ground.

32. The school administrators purposefully misrepresented the events that occurred to Plaintiff R.G. during this meeting.

33. Officer O'Banner continued to serve as a Police Liaison officer at Rich Central after this incident.

34. Because of this incident, Plaintiff R.G. transferred high schools.

35. Moreover, as a direct and proximate cause of the conduct described herein, Plaintiff R.G. suffered physical injuries, severe emotional distress, embarrassment, humiliation, and damage to her reputation.

**FIRST CLAIM: EXCESSIVE FORCE**
*DEFENDANTS PFOTENHAUER AND O'BANNER*

36. Plaintiff incorporates the foregoing paragraphs 1-35 as if fully rewritten herein.

37. In using the force described herein, Defendant O'Banner seized Plaintiff R.G. within the meaning of, and in violation of, the Fourth Amendment of the United States Constitution.

38. Defendants Pfotenhauer and O'Banner are liable pursuant to 42 U.S.C. Section 1983 for sanctioning, enforcing, and implementing a policy, custom, and practice of subjection District 227 students, including Plaintiff R.G., to excessive force and illegal seizures.

39. Defendants Pfotenhauer and O'Banner acted recklessly, maliciously, and with callous disregard to the rights of Plaintiff R.G.

40. Plaintiff R.G. seeks compensatory damages, costs of suit, attorney's fees, and punitive damages from these defendants.

**SECOND CLAIM: FAILURE TO PROTECT**
*DEFENDANT DISTRICT 227, DEFENDANT WRIGHT, DEFENDANT COLEMAN*

41. Plaintiff incorporates the foregoing paragraphs1-40 as if fully rewritten herein.

42. By failing to protect Plaintiff R.G. from the illegal and unreasonable actions of Defendant O'Banner, Defendants District 227, Wright, and Coleman have violated Plaintiff R.G.'s clearly established rights under the Fourteenth Amendment. Defendants District 227, Wright, and Coleman have created a custodial environment within the District for all students.

43. The custodial environment imposed a constitutional duty on Defendant District 227, Defendant Wright, and Defendant Coleman to ensure Plaintiff R.G.'s safety and well-being while she attended Rich Central High.

44. Defendants District 227, Wright, and Coleman breached that duty by failing to take action to protect Plaintiff R.G. from the use of excessive force.

45. By the foregoing actions and inactions, these Defendants are liable pursuant to 42 U.S.C. Section 1983 for failing to protect Plaintiff R.G. from Defendant O'Banner's use of excessive force.

46. Plaintiff R.G. seeks compensatory damages, costs of suit, attorneys fees, and punitive damages from these defendants.

**THIRD CLAIM: CONSPIRACY**
*DEFENDANT DISTRICT 227, DEFENDANT WRIGHT, DEFENDANT COLEMAN, DEFENDANT PFOTENHAUER AND DEFENDANT O'BANNER*

47. Plaintiff incorporates paragraphs 1-46 as if fully rewritten herein.

48. Defendants Wright, Coleman, District 227, Pfotenhaer and O'Banner have engaged in a conspiracy to violate Plaintiff R.G.'s civil rights under the Fourth and Fourteenth Amendments of the United States Constitution. As set forth above, Defendants Pfotenhauer and O'Banner have violated Plaintiff R.G.'s rights by subjecting her to unreasonable and excessive force.

49. Defendants Wright, Coleman, District 227, Pfotenhauer and O'Banner willfully and maliciously conspired among themselves to deprive Plaintiff R.G. of her rights under the Constitution. As provided above, Defendant District 227 and Defendants Wright and Coleman, in their official capacities, invited Prairie State P.D. into District 227 schools to discipline students pursuant to unconstitutional policies, customs, and practices.

50. By the foregoing actions and inactions, Defendants Wright, Coleman, District 227, Pfotenhauer, and O'Banner are liable pursuant to 42 U.S.C. Section 1983 for conspiring to violate Plaintiff R.G.'s rights.

51. Plaintiff R.G. seeks compensatory damages, costs of suit, and attorney's fees from these defendants.

## FOURTH CLAIM: ASSAULT
*DEFENDANT O'BANNER*

52. Plaintiff incorporates paragraphs 1-51 as if fully rewritten herein.

53. Defendant O'Banner intentionally offered, without authority or consent, to offensively touch and harm Plaintiff R.G., causing Plaintiff R.G. to have a reasonable apprehension of an imminent battery.

54. Defendant O'Banner's assault constituted excessive force in detaining, apprehending, and subduing Plaintiff R.G. Defendant O'Banner had no reason to use corporal punishment on Plaintiff R.G., nor was there evidence to suggest that such force was necessary to deescalate the classroom incident.

55. No privilege existed for Defendant O'Banner to assault Plaintiff R.G.

56. Plaintiff R.G. seeks compensatory damages, costs of suit, attorney's fees, and punitive damages from Defendant O'Banner.

## FIFTH CLAIM: BATTERY
*DEFENDANT O'BANNER*

57. Plaintiff incorporates paragraphs 1-56 as if fully rewritten herein.

58. Defendant O'Banner intentionally offered, without authority or consent, to offensively touch and harm Plaintiff R.G.

59. Defendant O'Banner's battery constituted excessive force in detaining, apprehending, and subduing Plaintiff R.G. Defendant O'Banner had no reason to use corporal punishment on Plaintiff R.G., nor was there evidence to suggest that such force was necessary to deescalate the classroom incident.

60. No privilege existed for Defendant O'Banner to commit battery on Plaintiff R.G.

61. Plaintiff R.G. seeks compensatory damages, costs of suit, attorney's fees, and punitive damages from Defendant O'Banner.

### SIXTH CLAIM: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
*DEFENDANT O'BANNER*

62. Plaintiff incorporates paragraphs 1-61 as if fully rewritten herein.

63. Defendant O'Banner's use of excessive force against Plaintiff R.G. was done knowingly, intentionally, willfully, maliciously, wantonly, negligently, recklessly, and with deliberate indifference to cause Plaintiff R.G. extreme emotional distress.

64. Defendant O'Banner's conduct was grossly reckless and beyond the bounds of conduct tolerated in a civilized society.

65. As a result of their conduct, Plaintiff R.G. has suffered and continues to suffer great pain and suffering, emotional distress, mental anguish, loss of reputation, scorn of the community, economic loss and loss of constitutional and other federal rights.

66. Plaintiff R.G. seeks compensatory damages, costs of suit, attorney's fees, and punitive damages from Defendant O'Banner.

WHEREFORE, Plaintiff requests and demands judgment be entered against the Defendants, jointly and severally, as follows:

    A. For all actual, compensatory, and general pecuniary damages and losses suffered by Plaintiff, in accordance with proof;

B. For all special damages and reasonably foreseeable consequential economic damages suffered by Plaintiff, in accordance with proof and as allowed or permitted by applicable law;

C. For the costs and expenses of pursuing this action, including the recovery of reasonable attorney's fees, costs, and expenses incurred by Plaintiff, as allowed or permitted by applicable law;

D. For punitive and/or exemplary damages as may be appropriate under the circumstances and as allowed or permitted by applicable law;

E. For such injunctive and/or declaratory and/or other equitable relief as may be appropriate or necessary under the circumstances; and

F. For all such other and further relief to which Plaintiff is entitled and as is just and proper in the premises.

JURY DEMAND

Plaintiff, by and through her undersigned attorney, demands a trial by a jury.

BY:

/s/ Aasim Cunningham
Aasim Cunningham
IL. ARDC: 6312608
arc@cunninghamlopez.com

120 W. Madison St., Ste. 611
Chicago, IL
Tel. 312-419-9711
Fax. 312-546-7703

*Attorney for Plaintiff*
Dated: January 23, 2018